# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Mitchell Kip Helling,<br><br>　　　　Debtor. | Case Number 23-41921 (MER)<br>Chapter 7 |
| The Kitchen Kingz Corporation,<br><br>　　　　Plaintiff<br>v.<br><br>Mitchell Kip Helling,<br><br>　　　　Defendant. | Adversary Proceeding<br>Case Number 23-04091 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW,
## AND ORDER FOR JUDGMENT

The Plaintiff's motion for default judgment, which was supported by affidavit and attached materials, came before the undersigned.

Based on upon the pleadings, the file, and the record of the proceedings herein, the Court makes the following findings of fact, conclusions of law, and order for judgment.

### Findings of Fact and Conclusions of Law

1.　　The Plaintiff commenced this adversary proceeding on December 4, 2023 [ECF Docket No. 1].

2.　　The Clerk of Court issued the summons in this adversary proceeding on December 4, 2023 [ECF Docket No. 2].

3. The Plaintiff duly served the Summons and Complaint by First-Class US Mail on the Defendant on December 4, 2023. [ECF 10].

4. The Plaintiff has not received any return mail from its Service of the Summons and Complaint.

5. Defendant has failed to respond or present any defense to the allegations contained in Plaintiff's Complaint, and the time allowed by law and specified in the Summons for Defendant to answer the Complaint has elapsed.

6. Any answer or response would now be untimely under Federal Rule of Bankruptcy Procedure 7012(a).

7. Through failure to answer the complaint, the Defendant is deemed to have admitted the Complaint's allegations as set forth below:

8. On or about January 19, 2024, the Defendant entered into a Stipulation of Nondischargeability of Debt with the assistance of its counsel.

9. The Plaintiff is a Minnesota non-profit corporation organized on November 17, 2020, with its principal office in Minneapolis, Minnesota.

10. The Defendant is a Minnesota resident, a founder, and the past president of Kitchen Kingz.

11. On September 25, 2023, the Defendant executed a seventeen (17) page Assurance of Discontinuance ("Assurance") in connection with civil enforcement proceedings brought by the Minnesota Attorney General's Office ("AGO") and describing certain conduct by the Defendant.

12. Kitchen Kingz was incorporated by three (3) individuals, including the

Defendant, Megan Lael Helling (the Defendant's cousin), and Sarah Angela Johnson. Despite having three (3) incorporators, Kitchen Kingz was headed by a single individual, the Defendant, who was solely responsible for the complete oversight and management of the corporation.

13. According to the Articles of Incorporation that the Defendant filed for Kitchen Kingz, its purpose was to act as a charitable recycling business and "to raise money and further our mission by giving back money to the charities we feel need our support."

14. Given its charitable mission, Kitchen Kingz was recognized by the Internal Revenue Service as exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

15. To accomplish its charitable mission, the Defendant represented to the general public through various means that Kitchen Kingz would accept donations of used high-end kitchen and luxury home goods, repurpose and sell them, and donate the money received from the sales to other charities.

16. Kitchen Kingz's website stated that it would "recycle [donors'] high-end kitchens and luxury home goods completely free with the most advanced and professional removal crews while donors receive a full tax deduction."

17. Kitchen Kingz's website represented it would then "prepare these items to be re-purposed," and in the process, "create numerous construction, logistics, and retail jobs." Further, it claimed that "[t]he proceeds earned from selling our recycled items creates [sic] support for the charities that are desperately in need of our help."

18. Kitchen Kingz also stated on its website that it was "committed in [sic]

providing for the well-being of Secondhand Hounds in Minnetonka, MN and Prevent Child Abuse America."

19.  The Defendant, in multiple letters that he prepared and sent to individual donors to acknowledge and document their donations for tax purposes, stated: "Thank you for your contribution to Kitchen Kingz Corporation, a section 501(c)(3) non-profit organization. Your donation funds our charitable mission: creating jobs, protecting the earth, supporting The American Foundation for Suicide Prevention and Prevent Child Abuse America."

20.  Kitchen Kingz's corporate minutes indicate that at an April 1, 2021, board meeting, the Defendant met alone to "designate myself . . . as 100% owner of [Kitchen Kingz] with control of the entity and full financial responsibilities of the Non-Profit Corporation."

21.  The Defendant signed these corporate minutes as Kitchen Kingz's "President/CEO."

22.  Aside from the April 1, 2021, meeting, the Defendant never convened any board meetings, or otherwise met, discussed, voted, or kept minutes of any operational decisions.

23.  The Defendant thereafter ran Kitchen Kingz without any input or supervision, acting as its sole Director, President, and Treasurer.

24.  The Defendant failed to operate the corporation in compliance with Minnesota's Non-profit Act, and other applicable Minnesota and Federal laws.

25.  The Defendant failed to properly manage and oversee the corporation's

charitable assets in compliance with Minnesota's Non-profit Act, and other applicable Minnesota and Federal laws.

26. The Defendant failed to ensure that Kitchen Kingz had, and adhered to, appropriate policies and procedures for the proper handling of its charitable assets.

27. The Defendant failed to ensure that Kitchen Kingz maintained a ledger, prepared financial statements, and otherwise kept accurate financial records.

28. The Defendant failed to ensure that Kitchen Kingz ever reviewed its bank statements or other financial records to determine whether its assets were being spent appropriately until approximately October of 2022, after the AGO began an investigation into Kitchen Kingz operations.

29. The AGO's investigation ultimately determined that the Defendant had failed to operate Kitchen Kingz in compliance with state law, the Defendant had deceived the public, operated the corporation fraudulently, and misappropriated corporate funds for his personal benefit.

30. The AGO ordered the corporation be terminated, and that the Defendant repay the money he had improperly taken from the corporation.

31. Kitchen Kingz admitted in 2022 – two years after its formation – that it "does not currently have financial statements."

32. The Defendant singularly handled the procurement, depositing, and spending of Kitchen Kingz's assets without any oversight.

33. The Defendant misappropriated tens of thousands of dollars of corporate assets using them for personal and other non-charitable purposes.

34. The Defendant "made non-Kitchen Kingz related expenses from the Kitchen Kingz account."

35. The Defendant occasionally accepted cash "when inventory related to the kitchen removals was sold."

36. The Defendant then used the cash for a mix of personal and Kitchen Kingz related expenses.

37. The Defendant's failure to keep accurate corporate records and internal controls makes it difficult, if not impossible, to fully quantify how much money the Defendant took from the corporation.

38. The Defendant has admitted he used at least $19,501.63 of Kitchen Kingz's assets for his personal benefit, instead of in furtherance of Kitchen Kingz's charitable mission, thereby deceiving the public regarding Kitchen Kingz's mission and status.

39. The Defendant's Assurance requires a "Restitution Payment" from the Defendant providing that: "Helling is liable for and shall pay Kitchen Kingz nineteen thousand, five hundred one dollars, and sixty-three cents ($19,501.63). Helling shall pay this monetary relief of nineteen thousand, five hundred one dollars, and sixty-three cents ($19,501.63) to Kitchen Kingz according to the following schedule:

(a) Three hundred fifty dollars ($350) on or before October 1, 2023, and then on or before the first day of each subsequent month for eleven (11) additional months;

(b) Five hundred dollars ($500) on or before October 1, 2024, and then on or before the first day of each subsequent month for eleven (11) additional months;

(c) Six hundred fifty dollars ($650) on or before October 1, 2025, and then on or

before the first day of each subsequent month for eleven (11) additional months; and

(d) One thousand five hundred one dollars and sixty-three cents ($1,501.63) on or before September 1, 2026.

40. Kitchen Kingz shall provide annual statements to the AGO of such restitution payments through the duration of Helling's payment term."

41. The AGO subsequently petitioned the Ramsey County District Court for an Order approving the Assurance.

42. On October 4, 2023, Minnesota District Court Judge Mark Ireland entered his Order approving the parties' Assurance in Ramsey County District Court File 62-CV-23-5119.

43. The Court's Order provides that: "The facts alleged in this Assurance will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Attorney General, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Assurance, such as a nondischargeability complaint in any bankruptcy case."

44. The Court's Order further provides, "The facts alleged in this Assurance establish all elements necessary to sustain an action by the Attorney General pursuant to sections 523(a)(2)(A) and/or 523(a)(6) of the Bankruptcy Code, 11 U.S.C. §§ 523(a)(2)(A), 523(a)(6), and this Assurance will have collateral estoppel effect for such purposes." Id., page 14, ¶ 54.

45. Accordingly, the Defendant's obligations owed to the Plaintiff meet the

criteria to be excepted from the Defendant's bankruptcy discharge under 11 U.S.C. § 523(a)(6).

46. The Plaintiff's costs and disbursements in this matter are the mandatory $350.00 adversary filing fee and the $20.00 fee due to the Plaintiff under 28 U.S.C. § 1923(a).

## ORDER FOR JUDGMENT

IT IS ORDERED:

1. That default judgment shall be granted to the Plaintiff, The Kitchen Kingz Corporation, against the debtor in the amount of $19,501.63, plus the $350.00 adversary proceeding filing fee and the $20.00 fee due under 28 U.S.C. § 1923(a), for a total of $19,871.63, pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: *February 14, 2024*            */e/ Michael E. Ridgway*
                                       Michael E. Ridgway
                                       U.S. Bankruptcy Court Judge